FILED

MAR 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>Petitioner,<br><br>v.<br><br>ROBERT L. AYERS, Jr., Acting Warden of California State Prison at San Quentin,<br><br>Respondent. | NO. C 98-2444 MMC<br>NO. C 00-3706 MMC<br><br>ORDER<br><br>**DEATH PENALTY CASE** |

On March 26, 2008, this Court held a case management conference regarding the matter of petitioner's competency. Based on the allegations in the First Amended Petition and the applicable law, the Court ordered that petitioner's competency be determined in a timely matter. The parties should promptly meet and confer, and attempt to come to a mutually agreeable procedure for examining petitioner's competency, including the appointment of experts. Within 30 days from March 28, 2008, the parties should submit a joint statement or, if they are unable to come to an agreement, submit separate statements with specific proposals for a competency determination. Any responses are due within 15 days of the original submissions. In addition to addressing the procedure for the competency evaluation, the parties should address the appropriate standard for determining petitioner's competency and the applicable burden of proof.

The Court has determined that it is critical that the issue of petitioner's competency be addressed promptly. Petitioner alleges in his First Amended Petition that he is currently incompetent and that his significant mental impairments "continue to undermine his ability to meaningfully assist counsel in his defense and to rationally participate in all legal proceedings." In addition, petitioner has a long history of psychiatric illness, having first been committed to a mental institution more than 60 years ago.

The Ninth Circuit has held that capital habeas petitioners have a statutory right to competence during their federal habeas proceedings. *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817, *cert. denied*, 540 U.S. 1069 (2003). Furthermore, the court held that "where an incompetent capital habeas petitioner raises claims that could potentially benefit from his ability to communicate rationally, refusing to stay proceedings pending restoration of competence denies him his statutory right to assistance of counsel, whether or not counsel can identify with precision the information sought." *Id.* at 819. Because petitioner's current competency impacts whether his capital habeas cases may proceed, it is critical to address petitioner's mental status before addressing other claims.

The Court is aware that petitioner's counsel are not currently moving for a evaluation of petitioner's competency.[1] Nonetheless, it is appropriate for the Court to order an evaluation at this juncture. This Court has the authority to order a competency determination of petitioner pursuant to Rule 35(a) of the Federal Rules of Civil Procedure, which reads in pertinent part:

> The court where the action is pending may order a party whose mental or physical condition -- including blood group -- is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Because Carpenter's petition alleges that he is currently incompetent, and because his competency or lack thereof impacts the ability of his habeas cases to proceed, his present mental state is "in controversy" within the meaning of Rule 35, and there is good cause for a mental examination to take place. *See Schlaugenhauf v. Holder*, 379 U.S. 104, 118 (1966) (discussing good cause and in

---

[1] Counsel for respondent, while expressing no opinion as to petitioner's competency, has argued that an evaluation should take place at this time.

United States District Court
For the Northern District of California

controversy requirements of Rule 35(a)).  Under the circumstances, a Court-ordered mental examination of petitioner is both necessary and appropriate.

**IT IS SO ORDERED.**
DATED: 3/31/2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

3