IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT L. AYERS, Jr., Acting Warden of California State Prison at San Quentin,<br><br>    Respondent. | NO. C 98-2444 MMC<br>   C-00-3706 MMC<br><br>ORDER DENYING PETITIONER'S MOTION TO TERMINATE *SUA SPONTE* INQUIRY INTO PETITIONER'S CURRENT COMPETENCY; GRANTING IN PART AND DENYING IN PART MOTION FOR PROTECTIVE ORDER<br><br>**DEATH PENALTY CASE** |

**Introduction**

Petitioner is a California prisoner who was sentenced to death in two separate proceedings. *Carpenter I* (C 98-2444) arises from petitioner's conviction and death sentence for the first degree murders of Ellen Hansen and Heather Scaggs, the attempted murder of Steven Haertle, the attempted rape of Hansen, and the rape of Scaggs. *See People v. Carpenter*, 15 Cal. 4th 312 (1997). In *Carpenter II* (C00-3706), petitioner was separately convicted and sentenced to death for murdering five people in Marin County and raping or attempting to rape three of them. *See People v. Carpenter*, 21 Cal.4th 1016 (1999). In both capital habeas petitions, petitioner includes a claim that he is currently incompetent.

The Ninth Circuit has held that capital habeas petitioners have a statutory right to competence during their federal habeas proceedings. *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817, *cert. denied*, 540 U.S. 1069 (2003). In addition, under certain circumstances, incompetent habeas petitioners are entitled to a stay of habeas proceedings. *Id.* at 819. Because petitioner's claim of incompetency potentially impacts the Court's ability to proceed with his capital habeas cases, the Court issued an order on March 31, 2008 that petitioner's competency be determined in a timely matter (hereafter, "March 31 Order").[1] On April 28, 2008, petitioner filed a "Motion to Terminate *Sua Sponte* Inquiry into Petitioner's Current Competency" (hereafter, "Motion to Terminate"). Petitioner also requests therein that, should the competency inquiry go forward, a protective order be issued. Respondent has opposed petitioner's motion and his request for a protective order.

For the following reasons, petitioner's motion to terminate the competency inquiry is DENIED, and petitioner's motion for a protective order is GRANTED in part and DENIED in part.

**Legal Standard**

A prisoner "has a statutory right to competence in his federal habeas proceedings. . . ." *Rohan, id. at 817*. For purposes of determining competence in the federal habeas context, the "relevant question" is "whether [the petitioner] now has the capacity to understand his position and to communicate rationally with counsel." *Id.* at 819. "[W]here an incompetent capital habeas petitioner raises claims that could benefit from his ability to communicate rationally, refusing to stay proceedings pending restoration of competence denies him his statutory right to assistance of counsel, whether or not counsel can identify with precision the information sought." *Id.* Accordingly, in such a situation, federal habeas proceedings "must be stayed until [the petitioner] is competent." *Id.*

///

///

///

---

[1] The March 31 Order was issued by United States District Judge Martin J. Jenkins.

2

**Analysis**

**I.    Petitioner's Motion**

At the outset, the Court must address the specific relief sought by petitioner's motion. As noted, petitioner characterizes the instant filing as a "Motion to Terminate" the competency inquiry. As respondent correctly points out, however, petitioner does not cite to the authority under which he seeks such relief. The Court's March 31 Order regarding competency proceedings was not a final judgment or order, and thus may not be challenged under Federal Rules of Civil Procedure 59 or 60. *See, e.g.*, *Mayo v. Dean Witter Reynolds, Inc.,* 258 F. Supp. 2d 1097, 1103 (N.D.Cal. 2003). Consequently, petitioner is, in essence, moving the Court to reconsider its earlier order.

Pursuant to the Civil Local Rules of this District, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." *See* Civil L.R. 7-9(a). Petitioner, however, did not file for leave of Court before noticing his motion.

Moreover, in bringing a motion for leave, the movant is required to show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b).

As discussed below, petitioner, in his Motion to Terminate, has not demonstrated any of the above circumstances exist. Nevertheless, despite petitioner's non-compliance with the applicable Local Rules, the Court, rather than denying the motion on procedural grounds, will consider the motion on its merits.

///
///
///
///

## II. *Sua Sponte* Inquiry Into Petitioner's Competency

Petitioner objects to the Court's *sua sponte* decision to conduct an inquiry into petitioner's competence.[2] He argues both that there is no basis for the Court's conclusion that a competency evaluation is presently appropriate, and that the Court did not have authority to order a competency evaluation.

### A. Basis for Examination

Petitioner argues that no legal basis for a competency evaluation exists at this time. The Court disagrees. To begin with, petitioner alleges in both of his cases that he is currently incompetent. Such allegations standing alone, however, did not precipitate the Court's decision to conduct a competency evaluation at this time. Rather, the Court considered other factors as well. In that regard, the Court first notes that both of the instant petitions contain claims of petitioner's incompetency at the time of trial and ineffective assistance of counsel, claims that the Ninth Circuit has indicated cannot be litigated if a habeas petitioner is incompetent. *See Rohan*, 334 F.3d at 818. Additionally, petitioner's counsel have reiterated that petitioner has long-standing mental health issues; such issues, in conjunction with petitioner's claims,[3] trigger a competency evaluation. In particular, petitioner's counsel have continuously maintained that he is mentally ill and that his mental illness causes him to behave erratically and irrationally. *See, e.g.*, C-00-3706, First Amended Petition, at ¶¶ 337-71, 386-416, 847-911. Furthermore, they point out that petitioner has a long history of psychiatric illness, having first been committed to a mental institution sixty years ago. *Id.* at 770-75.

Finally, the only expert opinion presently before the Court suggests that petitioner currently is incompetent. David V. Foster, M.D., a psychiatrist, was asked by petitioner's counsel to

---

[2] In his moving papers, petitioner suggests that Judge Jenkins did not have jurisdiction to enter the above-referenced March 31 Order. As respondent correctly points out, however, jurisdiction over this matter is proper in the Northern District of California, and Judge Jenkins, the judge assigned to both of the cases prior to their reassignment to the undersigned, was a judge of the Northern District at the time the order in question was issued. Petitioner has conceded in his reply that Judge Jenkins had jurisdiction to issue the March 31 Order.

[3] Additionally, it should be noted that petitioner, while objecting to a competency evaluation at this time, has not withdrawn from his petitions any of his allegations that he is currently incompetent.

4

1  determine petitioner's mental status, and offered, *inter alia*, the following opinion: "[Petitioner's]
2  delusional
3  thinking, coupled with his manic behavior and memory impairments and other organic mental
4  deficits, strongly contributed to his inability to cooperate with counsel during trial, and makes it
5  difficult for [petitioner] to work with his current counsel now." Foster Decl. at ¶ 20.  While Dr.
6  Foster's examination of petitioner was conducted six years ago, it is the most recent expert opinion
7  before the Court, and has not been countered by any other or more recent expert opinion.[4]

### B. *Sua Sponte* Inquiry

9   As petitioner repeatedly points out, the Court did not order a competency evaluation at the
10  request of petitioner; petitioner suggests that, under the Federal Rules of Civil Procedure, a district
11  court would be permitted to order a competency evaluation only upon noticed motion by the
12  petitioner.  Petitioner cites no case in support of this position, however, and, perhaps recognizing the
13  Court's plenary power on habeas corpus and under the All Writs Act, *see* 28 U.S.C. section 1651,
14  appears to have withdrawn this argument in his reply.  *See*, *e.g.*, *Harris v. Nelson*, 394 U.S. 286,
15  292 (1969) (observing that "the language of Congress, the history of the writ, the decisions of this
16  Court, all make clear that the power of inquiry on federal habeas corpus is plenary") (citations
17  omitted).  As discussed below, the totality of the circumstances in the particular petitions before the
18  Court compels a competency inquiry at this time, irrespective of petitioner's objection thereto.
19  At the outset, the Court recognizes that the views of petitioner's counsel are relevant to a
20  competency inquiry; they are not, however, conclusive.  "It is true that defense counsel will often
21  have the best-informed view of the defendant's ability to participate in his defense.  But counsel is
22  not a trained mental health professional, and his failure to raise petitioner's competence does not
23  establish that petitioner [is] competent." *See Odle v. Woodford*, 228 F.3d 1084, 1089 (9th Cir. 2001)
24  (internal quotations and citations omitted) (holding state trial judge erred by not conducting *sua*
25  *sponte* inquiry into petitioner's competency).  While *Odle* was decided before *Rohan* and does not
26  directly address competence in the habeas context, it makes clear that competency inquiries are not

---

[4] Dr. Foster's declaration was submitted prior to the *Rohan* decision, and thus the Court did not order a competency evaluation at that time.

5

exclusively triggered by defense counsel.

In addition, at least one district court case, indeed one upon which petitioner relies, has involved an inquiry into the petitioner's competency over the objection of counsel for the petitioner. In *Ruiz v. Woodford,* CV 89-4126 FMC (C.D.Cal.), the district court found that, based on the evidence before it, it had a "sua sponte duty . . . to inquire into [the] petitioner's current competency." *Ruiz v. Woodford*, No. CV 89-4126 FMC (C.D. Cal), *Order Denying Motion For A Stay Of Federal Habeas Proceedings As To Claim A* at 2, n.2, citing *Order re Motion to Stay*, dated August 10, 2006, Docket No. 245.

To the extent petitioner is contending the instant *sua sponte* competency evaluation sets a precedent that all petitioners raising competency claims in their habeas petitions will be subject to *sua sponte* evaluations, the Court is unpersuaded. As the Court's March 31 Order and this order make clear, the competency inquiry herein was not triggered solely by the allegations in the petition but by the totality of the circumstances before the Court. In short, and as petitioner aptly notes, "[n]o two cases will be the same." *(See* Pet.'s Reply at 5:8.)[5]

In sum, because *Rohan* has suggested that the error of conducting an entire habeas proceeding while the petitioner is incompetent could be "structural and thus fatal even if the government could prove absence of prejudice post hoc," *Rohan*, 334 F.3d at 818, and has confirmed that 21 U.S.C. § 848(q)(4)(b) "incorporate[s] a statutory right to competence," *id.* at 814, and given petitioner's allegations of current incompetence, his extensive history of mental health issues, and the opinion of his most recent mental health examiner, the Court will require a competency evaluation at this time. The Court further observes that petitioner will not be prejudiced by such evaluation and that the Court intends petitioner receive "a legitimate competency inquiry in which protection of [petitioner's] rights and interests is the sole focus of the proceeding." *See* Pet.'s Motion at 10.

---

[5] Petitioner points out that the Court had stated earlier that briefing of record-based claims was likely to be the next step in the litigation. As petitioner is aware, however, the Court is permitted to manage cases in the manner that it deems to be most fair and efficient. Given all of the factors described above, the Court has determined that an examination of petitioner's competency at this juncture of the litigation is appropriate.

6

### III. Timing of Competency Inquiry

Petitioner maintains that a competency evaluation at this time would be premature for an additional reason. Specifically, petitioner argues that the inquiry under *Rohan* is "claim-specific," and that examining petitioner's competency now, without focusing on specific claims, would not be productive.

In *Rohan*, as noted, the Ninth Circuit stated that "where an incompetent capital habeas petitioner raises claims that could benefit from his ability to communicate rationally, refusing to stay proceedings pending restoration of competence denies him his statutory right to assistance of counsel, whether or not counsel can identify with precision the information sought." *Rohan*, 334 F.3d at 819. Nowhere in *Rohan* does the Ninth Circuit suggest it is preferable that a particular claim be the subject of active litigation before the issue of a petitioner's competency should be addressed.

The *Rohan* court also confirmed that claims alleging the petitioner was incompetent to stand trial or that trial counsel was ineffective could not be properly litigated if the petitioner was presently incompetent. *Id.* at 818. Here, as noted, Carpenter raises both such claims in each of his pending capital habeas cases. When coupled with his claim that he is currently incompetent, the inclusion in the petition of claims of petitioner's incompetency at trial and ineffective assistance of trial counsel compel an inquiry into his competence.

Moreover, it is not clear that the inquiry contemplated by *Rohan* is as claim-specific or otherwise related to the sequencing of claims as petitioner suggests. In particular, the *Rohan* court did not state, as petitioner seems to imply, that litigation of certain claims ought to be concluded prior to a competency evaluation, if those claims do not depend on information counsel receives from the client. Moreover, the *Rohan* court did not hold that it would be appropriate for a district court to address such claims despite the petitioner's incompetence. Rather, the Ninth Circuit explicitly left the question open, stating:

> Rohan does not seek to proceed with some claims while staying others, so we need not address the appropriate procedure in such situations. Although some state decisions have held that purely record-based or non-factual claims should proceed notwithstanding the petitioner's incompetence, *see Carter*, 706 So.2d at 879; *Debra A.E.*, 523 N.W.2d at 735, we see little point in *compelling* Rohan to pursue them. The State's interests are prejudiced as much by a stay of all claims as by a stay of some, as the execution cannot proceed until all claims are resolved.

7

334 F.3d at 819, n.11.

Petitioner's reliance on *Ruiz v. Woodford*, No. CV 89-4126 FMC (C.D. Cal) likewise is misplaced. In *Ruiz*, the respondent moved, over the petitioner's objection, for a stay pending a competency examination.[6] After concluding that the petitioner was incompetent, the district court entered a stay. Subsequently, the district court lifted the stay as to one claim, allowing it to go forward, but continued the stay as to the petitioner's other outstanding claims. *See Ruiz v. Woodford*, No. CV 89-4126 FMC, *Order Denying Motion For A Stay Of Federal Habeas Proceedings As To Claim A* at 12.

*Ruiz* does not assist petitioner in his claim that a competency evaluation is not appropriate at this juncture. Rather, *Ruiz* is consistent with this Court's determination that a competency evaluation is required before a claim-specific evaluation. In *Ruiz*, petitioner's competency was examined and a stay entered prior to the district court's engaging in a claim-by-claim analysis. Furthermore, before deciding to lift the stay as to the one claim, the district court found such claim was fully developed and required no further information from petitioner. *Id.* at 12.

In sum, the Court finds that even if petitioner is correct that a claim-by-claim inquiry is appropriate, such inquiry is appropriate at the time a district court determines whether, in the case of an incompetent petitioner, it should stay a particular claim or allow it to proceed. In other words, conducting such inquiry does not imply that a court must defer any competency evaluation until a particular claim is being actively litigated. Rather, as *Rohan* and *Ruiz* suggest, once specific allegations of current incompetence, when combined with certain claims such as, but not limited to, ineffective assistance of counsel or competency during trial, trigger a competency inquiry, the Court's next step is to determine the petitioner's competency, and once the competency evaluation is concluded, the Court will be in a position to determine how best to proceed with the claims.

---

[6] In *Ruiz*, the district court stated: "The Court did not determine whether Respondent has standing to raise the issue of Petitioner's current competency. The Court concluded that, regardless of whether Respondent has standing, the Court has a sua sponte duty based on the evidence to inquire into Petitioner's current competency." *Ruiz v. Woodford*, No. CV 89-4126 FMC, *Order Denying Motion For A Stay Of Federal Habeas Proceedings As To Claim A* at 2, n.2, citing *Order re Motion to Stay*, dated August 10, 2006, Docket No. 245.

8

**IV.     Protective Order**

The Court agrees with petitioner that he is entitled to a protective order in connection with the competency inquiry. *See*, *e.g. Estelle v. Smith*, 451 U.S. 454, 465, 468 (1981) (finding Fifth Amendment violated where statements made to psychiatrist during competency evaluation used against defendant at capital sentencing proceeding); *Bittaker v. Woodford*, 331 F.3d 715, 726-28 (9th Cir. 2003) (providing examples of protective orders issued in various types of cases). The Court declines, however, to enter a specific protective order at this time.

The Court will address this issue further in conjunction with its future order detailing the procedures for the competency evaluation. Once an order regarding the competency evaluation is issued, the Court anticipates petitioner's counsel will be directed to draft, serve and submit a proposed protective order, after which respondent will be afforded an opportunity to submit objections.

**Conclusion**

For the foregoing reasons, petitioner's motion to terminate the competency inquiry is DENIED, and petitioner's motion for a protective order is GRANTED in part and DENIED in part as set forth herein.

In his Statement Re Procedures for Competency Litigation, petitioner states that in the event his motion to terminate is denied, he will promptly recommend an expert or experts to conduct the competency inquiry. Respondent has submitted his recommendation as to two experts to be appointed as well as for the timing of the expert evaluation. Petitioner is hereby DIRECTED to submit, within fourteen (14) days of the date of this order, petitioner's recommendation as to qualified experts, along with any additional recommendations he may have for the competency evaluation procedures.

**IT IS SO ORDERED.**

DATED: June 19, 2008

MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE