IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT L. AYERS, Jr., Acting Warden of California State Prison at San Quentin,<br><br>　　　　　Respondent. | NO. C 98-2444 MMC<br>　　　C-00-3706 MMC<br><br>ORDER RE: PROCEDURES FOR COMPETENCY EVALUATION<br><br><br>**DEATH PENALTY CASE** |

**Introduction**

Petitioner is a California prisoner who was sentenced to death in two separate proceedings. *Carpenter I* (C 98-2444) arises from petitioner's conviction and death sentence for the first degree murders, as well as the rape and attempted rape, of two persons, and the attempted murder of a third. *See People v. Carpenter*, 15 Cal. 4th 312 (1997). In *Carpenter II*, petitioner was separately convicted and sentenced to death for murdering five persons in Marin County and raping or attempting to rape three of them. *See People v. Carpenter*, 21 Cal.4th 1016 (1999). In both capital habeas petitions, petitioner includes a claim that he is currently incompetent.

On March 31, 2008, this Court issued an order requiring petitioner's competency to be determined in a timely matter. In response, petitioner filed a motion to terminate the competency

inquiry, which motion was denied by order dated June 19, 2008.  Now before the Court is petitioner and respondent's joint stipulation as to an examiner and timing of the examination, as well as the parties' separate proposals as to the procedures to be utilized in determining petitioner's competency.

**Procedures**

Having considered the parties' submissions and the applicable statutory and case authority, the Court hereby ORDERS the following procedures for the evaluation of petitioner's competency.

1. Pursuant to the stipulation of the parties, the Court appoints Dr. Ronald Roesch[1] as the single examiner.[2]

2. Pursuant to the stipulation of the parties, Dr. Roesch may consult with other experts, provided he signs and is prepared to defend the entirety of his report to the Court.  He may not, however, engage any other expert to interview, test or examine Mr. Carpenter in person without the prior stipulation of the parties and the prior approval of the Court.

3. Within fourteen (14) days of the date of this Order, each party shall provide Dr. Roesch with any evidence it wishes to be included in the evaluation.

4. The interview and testing sessions conducted by Dr. Roesch shall take place in the psychological conference room at San Quentin Prison.  Absent prior approval by the Court, Mr. Carpenter should not be transported to another institution for the examination.

5. The particular tests and procedures used to evaluate Mr. Carpenter's competency will be determined by Dr. Roesch.

6. The Court denies petitioner's request to have his counsel present as an observer during the interview and testing sessions conducted by Dr. Roesch.

---

[1] Dr. Roesch's *curriculum vita* is before this Court.

[2] As part of the stipulation, petitioner forgoes his opportunity to nominate any additional proposed examiners and respondent withdraws his prior nominations of Drs. John T. Dunn and Daniel A. Martell as potential examiners.

2

7.  Unless required by Dr. Roesch as part of the examination procedures, no audio or video recording of Dr. Roesch's interview and testing sessions shall be made.

8.  Pursuant to the stipulation of the parties, Dr. Roesch, within ninety (90) days of the date of this Order, shall conduct his examination of Mr. Carpenter and submit a report informing the Court and the parties of his opinions and the supporting data.

9.  Any report submitted to this Court shall list any materials considered in conducting the examination, state the clinical basis for any diagnosis, and answer the questions posed *infra* in paragraph 11.

10. Dr. Roesch may conduct whatever examination he deems necessary, in his professional judgement, to answer the questions listed *infra* in paragraph 11.

11. The evaluation by Dr. Roesch shall consider petitioner's competency in accordance with the following standard: Whether Mr. Carpenter has the capacity to appreciate his position and make rational choices with respect to proceedings in this Court or, on the other hand, whether he is suffering from a mental disease, disorder or defect that may substantially affect his capacity. *See Rees v. Peyton*, 384 U.S. 312 (1966).  In addition, Dr. Roesch shall consider whether petitioner has the capacity to "communicate rationally with counsel regarding this matter." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 819 (9th Cir. 2003).

12. This Court will issue a protective order restricting respondent's use of the information obtained as a result of the competency evaluation.  Within fourteen (14) days of the date of this Order, petitioner's counsel shall draft and submit a proposed protective order, and serve a copy on respondent, who may submit any objections within seven (7) days of receipt thereof.

13. Pursuant to the stipulation of the parties, petitioner, following the submission of Dr. Roesch's report, shall have thirty (30) days to file and serve briefing regarding petitioner's current competency and a suggested course of action.  Respondent shall have fourteen (14) days following the filing and service of petitioner's briefing to file and serve a responsive brief.  Petitioner shall have seven (7) days following the filing and service of respondent's responsive briefing to file and serve an optional reply.

3

14. If necessary, the Court will schedule a hearing after receipt and review of the parties' submissions.

**IT IS SO ORDERED.**

DATED: July 18, 2008

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE