United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT L. AYERS, Jr., Warden of<br>California State Prison at San Quentin,<br><br>　　　　　　Respondent. | NOS. C 98-2444 MMC<br>　　　　C-00-3706 MMC<br><br>ORDER REGARDING<br>COMPETENCY<br><br>**DEATH PENALTY CASES** |

**Background**

By order dated March 11, 2008, this Court ordered that petitioner's competency be determined in a timely manner, pursuant to *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817, *cert. denied*, 540 U.S. 1069 (2003). The Court based its determination that an examination was required on the following factors: petitioner's claims of current incompetency as set forth in both of his petitions; the fact that both of his petitions contain the types of claims the Ninth Circuit has indicated cannot be litigated if a habeas petitioner is incompetent, *see Rohan*, 334 F.3d at 818; petitioner's long-standing mental health issues and history of psychiatric illness; and the report submitted by petitioner's expert with respect to petitioner's mental status, (*see* Declaration of Psychiatrist David V. Foster, M.D. at ¶ 20).

Petitioner and respondent subsequently stipulated to a single expert, Dr. Robert Roesch, to examine petitioner. Pursuant to the Court's order of July 18, 2008, Dr. Roesch's evaluation considered petitioner's competency in accordance with the following standard: Whether Mr. Carpenter has the capacity to appreciate his position and make rational choices with respect to proceedings in this Court or, on the other hand, whether he is suffering from a mental disease, disorder or defect that may substantially affect his capacity. *See Rees v. Peyton*, 384 U.S. 312 (1966). In addition, Dr. Roesch considered whether petitioner has the capacity to "communicate rationally with counsel regarding this matter." *See Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 819 (9th Cir. 2003).

### Dr. Roesch's Evaluation and Report

Dr. Roesch examined petitioner over a three day period in September 2008 and administered various psychological tests. In his detailed report, dated October 13, 2008, Dr. Roesch addressed the questions specified in the Court's order of July 18, 2008 and concluded petitioner is competent under the relevant standard.[1] Neither petitioner nor respondent has filed any objections to Dr. Roesch's report.

### Findings of Fact and Conclusions of Law

Based on the filings in the instant cases, and Dr. Roesch's uncontested report, this Court hereby finds as follows:

1. Petitioner currently has the capacity to appreciate his position and make rational choices with respect to legal proceedings;

2. Petitioner is not currently suffering from a mental disease, disorder, or defect that may substantially affect his capacity to appreciate his position and make rational choices with respect to legal proceedings;

3. Petitioner currently has the capacity to communicate rationally with his counsel;

4. Petitioner is currently competent under the standard set forth in *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803 (9th Cir. 2003).

---

[1] Dr. Roesch's report was filed under seal and thus will not be directly quoted in this Order.

2

**Conclusion**

For the foregoing reasons, the Court finds and concludes that petitioner is competent to litigate his habeas petitions in this Court. Apart from the issue of petitioner's current competency, petitioner's cases are currently stayed pending his appeal to the Ninth Circuit with respect to the terms of the Court's protective order. Once the appeal is completed and the stays terminated, the parties are directed to set a status conference with the Court to determine a litigation schedule to resolve petitioner's remaining claims.

**IT IS SO ORDERED.**

DATED: December 2, 2008

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE