**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. CARPENTER,<br><br>            Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELLE, Acting Warden of California State Prison at San Quentin,<br><br>            Respondent. | NO. C 98-2444 MMC<br><br>ORDER GRANTING LEAVE TO FILE A MOTION FOR RECONSIDERATION; DIRECTIONS TO PARTIES<br><br>**DEATH PENALTY CASE** |

    Pursuant to Local Rule 7-9(a), respondent has moved for leave to file a motion for reconsideration of this Court's Order of March 5, 2008, denying in part Respondent's Motion to Dismiss. In support of his motion, respondent relies on Civil Local Rule 7-9(b)(2), which requires the moving party to demonstrate the "emergence of new material facts or a change of law occurring after the time of [the challenged] order." *See* Civil L.R. 7-9 (setting forth grounds for motion).

    Respondent has made the requisite showing. In particular, as respondent correctly points out, this Court, in its March 5, 2008 Order, relied on *Bennett v. Mueller*, 322 F. 3d 573 (9th Cir. 2003) and *Morales v. Calderon*, 85 F. 3d 1387 (9th Cir. 1996), to support its holding that California's timeliness bar was not adequate and thus could not preclude federal review of claims found to be untimely thereunder in state court. More recently, however, the United States Supreme Court has

held that California's timeliness bar is adequate, and thus may serve to procedurally bar in federal court claims that were held untimely in state court. *See Walker v. Martin*, 131 S.Ct. 1120, 1126-1130 (2011).

Accordingly, and for good cause shown, respondent's motion for leave to file a motion for reconsideration is hereby GRANTED. Within thirty days of the date of this order, the parties shall meet and confer, and set a briefing schedule for any motion for reconsideration.

**IT IS SO ORDERED.**

DATED: September 12, 2013


MAXINE M. CHESNEY
United States District Judge