1
2
3
4
5                    IN THE UNITED STATES DISTRICT COURT

6                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

7
8
9    DAVID J. CARPENTER,                        NO. C 98-2444 MMC

10                     Petitioner,

11         v.                                   ORDER RE: PROCEDURAL
                                                DEFAULT
12   KEVIN CHAPPELL, Warden of
     California State Prison at San Quentin,    **DEATH PENALTY CASE**
13
                       Respondent.
14

15
16                              **Introduction**

17          The instant case arises from petitioner's conviction and death sentence for the first degree

18   murders of Ellen Hansen and Heather Scaggs, the attempted murder of Steven Haertle, the attempted

19   rape of Hansen, and the rape of Scaggs.  *See People v. Carpenter*, 15 Cal. 4th 312 (1997).  The

20   crimes were committed in Santa Cruz County, but following a change of venue, the case was tried in

21   Los Angeles County.[1]  The California Supreme Court affirmed petitioner's conviction and sentence

22   on direct appeal on April 28, 1997.  *Id.*  Petitioner's subsequent certiorari petition to the United

23   States Supreme Court was denied on January 20, 1998.  *See Carpenter v. California*, 522 U.S. 1078

24   (1998).

25          Petitioner filed his first state habeas petition on December 24, 1996; it was denied by the

26   California Supreme Court on May 27, 1998.   Prior to the denial of his state habeas petition,

27   petitioner filed in the United States District Court for the Central District of California a request for

28

         [1]  Following his trial in Los Angeles County, petitioner was tried in San Diego County,
     where he was convicted and sentenced to death for five murders that were committed in Marin
     County.  *See Carpenter*, 15 Cal. 4th at 344 n.1.

United States District Court
For the Northern District of California

the appointment of federal habeas counsel and a motion for change of venue.   Petitioner's change of

venue motion was granted on June 12, 1998, thereby transferring the instant habeas case to the

Northern District.

Under the one-year limitation period set forth in 28 U.S.C. § 2244(d), petitioner's federal

habeas petition was due by May 27, 1999.  The Court, however, granted petitioner's motion to

equitably toll the statute of limitations for five months, to and including October 27, 1999.  *See*

Order Denying Motion to Vacate and Granting in Part and Denying in Part Motion for Equitable

Tolling at 38.[2]  Petitioner subsequently filed in this district a Petition for Writ of Habeas Corpus

("Original Petition")[3], a Notice of Additional Claims, and a Motion to Hold Proceedings in

Abeyance; additionally, petitioner filed in state court his second state habeas petition.  On December

1, 1999, the California Supreme Court denied petitioner's second state habeas petition.  On

December 6, 1999, petitioner filed his First Amended Verified Petition for Writ of Habeas Corpus

("First Amended Petition") and withdrew his Motion to Hold Proceedings in Abeyance.

Respondent subsequently filed a Motion to Dismiss First Amended Petition, primarily

asserting therein various procedural grounds upon which, respondent argued, dismissal of at least

certain portions of petitioner's First Amended Petition was warranted.  The Court addressed all of

the procedural issues in a series of orders.  *See, e.g. Carpenter v. Ayers*, 548 F. Supp. 2d 736 (N.D.

Cal. 2008).

Respondent has now filed a motion for reconsideration of the Court's denial in part of

respondent's earlier motion to dismiss certain claims on procedural grounds, arguing that an

intervening change in the law, specifically the United States Supreme Court's decision in *Walker v.

Martin*, 131 S. Ct. 1120 (2011), calls some of the Court's earlier findings on procedural default into

question.  For the following reasons, respondent's motion is GRANTED.

---

[2]  In the same order, the Court denied petitioner's request to toll the statue of limitations with regard to his unexhausted claims to and including thirty days from an order identifying unexhausted claims.  *Id*.

[3]  Because petitioner filed his federal petition after April 24, 1996, the date on which the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect, those provisions apply to the instant proceedings.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).

**Legal Standard**

Federal courts will not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The doctrine of procedural default is a "specific application of the general adequate and independent state grounds doctrine." *Fields v. Calderon*, 125 F. 3d 757, 762 (9th Cir. 1997) (internal quotation and citation omitted). It bars a federal court from granting relief on a claim when the state court declined to address the claim because the petitioner failed to meet a state procedural requirement. *Id.*

In the habeas context, the procedural default doctrine furthers the interests of comity and federalism. *Coleman*, 501 U.S. at 730. It helps ensure that the state criminal trial remains the "main event" rather than a "tryout on the road" for a later federal habeas proceeding. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977).

To determine whether a claim is defaulted, the federal court must establish whether the procedural rule the state court invoked to bar the claim is both "independent" and "adequate" to preclude federal review. "For a state procedural rule to be "independent," the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001), *citing Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). In 1998, the Supreme Court of California made clear that it would no longer consider federal law when denying a habeas claim as procedurally barred on grounds of untimeliness. *In re Robbins*, 18 Cal. 4th 770, 814 n.34 (1998).

For a state procedural rule to be "adequate," it must be clear, well-established and consistently applied. *Bean*, 96 F.3d at 1129. The issue of whether a state procedural rule is adequate to foreclose federal review is itself a federal question. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965).

**Analysis**

This Court previously denied respondent's motion to dismiss Claims 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 18, 21, 26, 27, 28, 30, 31, 35, 44, 45, 47.H, 53, 54 and 65 as procedurally defaulted, either in whole or in part, on grounds of untimeliness. (*See* Docket No. 155.) In particular, the Court held that pursuant to the applicable law at that time, specifically *Bennett v. Mueller*, 322 F. 3d 573

**United States District Court**
For the Northern District of California

(9th Cir. 2003); *Fields v. Calderon*, 125 F. 3d 757 (9th Cir. 1997); and *Morales v. Calderon*, 85 F. 3d 1380 (1996), California's timeliness rule was not well-established nor consistently applied by the state courts, and thus was inadequate to bar federal review.  As noted above, respondent now asks the Court to reconsider that order, and find those claims defaulted due to an intervening change in the law.

"California does not employ fixed statutory deadlines to determine the timeliness of a state prisoner's petition for habeas corpus.  Instead, California directs petitioners to file known claims as promptly as the circumstances allow."  *Martin*, 131 S. Ct. at 1124 (internal quotations omitted.) Under the California Supreme Court's Policies Regarding Cases Arising From Judgments Of Death ("Policies"), a habeas corpus petition is presumed to be filed without substantial delay if it is filed within 180 days from the due date of the reply brief on direct appeal, or within 36 months after the appointment of habeas counsel, whichever is later.

Several leading decisions influence the analysis of untimeliness defaults.  In 1993, the California Supreme Court decided *Clark*, 5 Cal. 4th 750, clarifying the law regarding untimeliness. Prior to that time, the untimeliness bar was not firmly established or consistently applied, and thus was found to be inadequate to bar federal review.  *Fields*, 125 F. 3d 763-64.  In 1998, the California Supreme Court decided *Robbins*, declaring that it would no longer consider federal law when denying a habeas claim as procedurally barred for untimeliness, and thus establishing the independence of California's untimeliness bar.  18 Cal. 4th at 811-12.  Even for defaults occurring after *Clark* and *Robbins*, however, district courts within the Ninth Circuit continued to hold California's timeliness bar inadequate, based on its inconsistent application.  *See*, *e.g.*, *Dennis v. Brown*, 361 F. Supp. 2d 1124, 1130-34 (N.D. Cal. 2005).

In *Martin*, the United States Supreme Court held California's timeliness rule is adequate to bar federal habeas review.  131 S. Ct. at 1131.  Specifically, the Supreme Court held California's untimeliness bar was "firmly established and regularly followed," *id.* at 1127, and thus adequate to trigger a procedural bar to federal habeas review, *id.* at 1128-29.

## I.    Applicability of *Martin*

Petitioner concedes that the law upon which this Court earlier relied in denying respondent's

motion to dismiss claims as procedurally defaulted is no longer valid after *Martin*.  Petitioner argues

that "alternative grounds" nonetheless exist that would allow this Court to find his claims are not

defaulted.  The Court considers each of petitioner's arguments in turn.

### A.   Timeliness of Motion

Petitioner first argues that respondent's motion to reconsider is untimely.  As respondent

correctly points out, however, Civil Local Rule 7-9, pursuant to which respondent brings the instant

motion, requires only that a motion for reconsideration be brought "[b]efore the entry of judgment

adjudicating all of the claims and the rights and liabilities of all the parties. . . ."  *See* Civil L.R. 7-9

(a).  Respondent's motion was brought prior to the entry of judgment.  Thus, in accordance with this

district's local rules, the motion is appropriate for this Court to consider on the merits, and petitioner

points to no circumstances or considerations warranting a ruling to the contrary.

### B.   California Supreme Court's Consideration of the Merits of Defaulted Claims

Petitioner next argues that the California Supreme Court frequently considers the merits of

claims that it has held to be procedurally defaulted.  According to petitioner, the fact that the

California Supreme Court reaches the merits of certain claims renders the procedural defaults

"inadequate" to bar federal review.

Petitioner's argument is without merit.  The United States Supreme Court has held that "a

state court need not fear reaching the merits of a federal claim . . . as long as the state court explicitly

invokes a state procedural bar as a separate basis for decision."  *See Harris v. Reed*, 489 U.S. 255

264 n.10 (1989); *see also Bennett*, 322 F. 3d at 580 (holding "[a] state court's application of a

procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of

the claim").

### C.   Independence of Timeliness Bar

Petitioner next argues that California's timeliness bar is not independent of federal law, and

thus cannot bar federal review of his claims.  This argument likewise lacks merit.  Petitioner cites to

no authority in support of his position, nor is the Court aware of any such authority.  Rather, Ninth

Circuit authority has long held that "because the California timeliness rule is not interwoven with

federal law, it is an independent state procedural ground, as expressed in *Clark/Robbins*," *see*

**United States District Court**
For the Northern District of California

*Bennett*, 322 F. 3d at 581 (citing *In re Clark*, 5 Cal. 4th 750 (1993); *see also In re Robbins*, 18 Cal. 4th 770 (1998)), and subsequent to this Court's decision finding petitioner's untimely claims were not procedurally defaulted, the Supreme Court has unequivocally held that California's timeliness rule suffices to bar federal review, *see Martin*, 131 S. Ct. at 1131.[4]

Accordingly, the Court finds the California Supreme Court's denial of certain of petitioner's claims on grounds of untimeliness prohibits federal review of those claims.

## II. Defaulted Claims

It is undisputed that numerous claims held to be untimely by the state court were presented in their entirety for the first time in petitioner's second state habeas petition, specifically Claims 8, 10, 44, 45 and 47.H. Accordingly, those claims are defaulted in their entirety.

The remainder of the claims challenged by respondent[5] were either initially presented in part on appeal or in petitioner's first state habeas petition but subsequently were augmented in petitioner's second state habeas petition and, to that extent, held to be untimely by the California Supreme Court. As respondent does and must acknowledge, the procedural bar applies only to the new portions of the claims presented in the second state habeas petition.

Accordingly, the portions of Claims 1, 2, 4, 5, 6, 7, 9, 11, 12, 13, 18, 21, 26, 27, 28, 30, 31, 35, 53, 54 and 65 that were initially, and thus untimely, presented in petitioner's second state habeas petition are defaulted.

## III. Cause, Prejudice and Miscarriage of Justice

Respondent contends that because petitioner fails to address cause, prejudice or the miscarriage of justice to overcome his defaults, his claims must be denied. Petitioner counters that any defaults should be excused because he will be able to establish exceptions to them.

As the determination of whether petitioner has established exceptions to default involves an examination of the merits of petitioner's claims, the Court will defer ruling on any asserted exceptions until its consideration of the merits of petitioner's claims. *See Batchelor v. Cupp*, 693

---

[4] Indeed, the petitioner in *Martin* did not "dispute that [California's] time limitation is an 'independent' state ground." *See Martin,* 131 S. Ct. at 1127.

[5] The remaining claims challenged by respondent are: Claims 1, 2, 4, 5, 6, 7, 9, 11, 12, 13, 18, 21, 26, 27, 28, 30, 31, 35, 53, 54 and 65.

United States District Court
For the Northern District of California

F.2d 859, 863-64 (9th Cir. 1982) (holding court has discretion to decide merits of claims prior to adjudicating exceptions to procedural default, where such course of action more efficient).

Accordingly, the Court will consider issues of cause, prejudice and the miscarriage of justice at a later date.

### Conclusion

For the foregoing reasons, the Court concludes as follows:

1.  Claims 8, 10, 44, 45 and 47.H are defaulted in their entirety based on untimeliness.

2.  Claims 1, 2, 4, 5, 6, 7, 9, 11, 12, 13, 18, 21, 26, 27, 28, 30, 31, 35, 54, 54 and 65 are defaulted in part based on untimeliness.  Specifically, the portions of the claims presented for the first time in petitioner's second state habeas petition, and held to be untimely by the California Supreme Court, are defaulted.

3.  Within sixty (60) days of the date of this Order, petitioner and respondent are instructed to meet and confer, and to submit a proposed litigation schedule for the briefing of Group 4 claims. The Court will schedule a case management conference if necessary.

**IT IS SO ORDERED.**

DATED: September 19, 2014

_____
MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE